UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FLYING CROWN LAND GROUP, § | |
| § | |
| Plaintiff, § | |
| § 3:15-CV-1225-M | |
| RANDALL REED and REED ENTERPRISES § | |
| INVESTMENT HOLDINGS, L.P., § | |
| § | |
| Defendants. § | |

## MEMORANDUM OPINION & ORDER

Before the Court is the Defendants' Motion to Dismiss for Failure to State a Claim. [Docket #18]. The Motion is **GRANTED**.

**I.   BACKGROUND**

On April 23, 2015, Plaintiff Flying Crown Land Group ("Plaintiff" or "Flying Crown") filed its Complaint against Randall Reed and Reed Enterprises Investment Holdings, L.P. (jointly, "Defendants"), alleging copyright infringement, fraudulent inducement, and tortious interference. [Docket #1]. The Motion to Dismiss is directed to the latter two claims.

The dispute arises out of the parties' efforts to develop land and buildings at Love Field Airport owned by the City of Dallas. According to the Complaint, Reed Enterprises was awarded a lease to the site, and was authorized to tear down existing structures and to redevelop it. Before it did so, however, it allegedly learned that pursuant to an application by Flying Crown, the site had been given a historic designation that would prohibit the proposed demolition and redevelopment. Because Reed Enterprises allegedly knew that Flying Crown had previously submitted a proposal, and had a plan, to develop the site in a way consistent with the historic designation, Reed Enterprises contends it approached Flying Crown to enter into a joint venture. Flying Crown claims that after it disclosed its proprietary development plan to Reed

1

Enterprises, Reed Enterprises ceased communications with Flying Crown, and appropriated Flying Crown's redevelopment plan.

## II. LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must have pled "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In analyzing a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), the Court accepts all well-pleaded facts as true and views them in the light most favorable to the plaintiff. *Thompson v. City of Waco, Texas*, 764 F.3d 500, 502 (5th Cir. 2014); *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). The Court will not, however "accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Great Lakes Dredge & Dock Co. LLC v. La. State,* 624 F.3d 201, 210 (5th Cir. 2010).

A "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Howe v. Yellowbook, USA*, 840 F. Supp. 2d 970, 975 (N.D. Tex. 2011) (Lynn, J.) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Lone Star Nat. Bank, N.A. v. Heartland Payment Sys., Inc.*, 729 F.3d 421, 423 (5th Cir. 2013) (quoting *Highland Capital Mgmt., L.P. v. Bank of Am., Nat'l Ass'n*, 698 F.3d 202, 205 (5th Cir. 2012)). "Plausible" does not mean "probable," but it asks for "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

### III. ANALYSIS

#### A. Fraudulent Inducement

Flying Crown alleges that the Defendants fraudulently induced Flying Crown to disclose its proprietary development plan based upon their agreement to enter into a future partnership or joint venture with Flying Crown, but that Defendants had no intention of actually forming the partnership or joint venture. However, because Flying Crown failed to allege the existence of an enforceable contract to form a joint venture or partnership, it has not stated a claim against Defendants for fraudulent inducement.

Clearly there is a duty under Texas law not to induce another to enter into a contract by making fraudulent misrepresentations. *Formosa Plastics Corp. USA v. Presidio Engineers & Contractors, Inc.*, 960 S.W.2d 41, 46 (Tex. 1998). However, "there can be no breach of that duty when one is not induced into a contract . . . Without a binding agreement, there is no detrimental reliance, and thus no fraudulent inducement claim. That is, when a party has not incurred a contractual obligation, it has not been induced to do anything." *Haase v. Glazner*, 62 S.W.3d 795, 798 (Tex. 2001). A mere agreement to agree is not enforceable, because "courts have no way to determine what terms would have been agreed to after negotiation." *McCalla v. Baker's Campground, Inc.*, 416 S.W.3d 416, 418 (Tex. 2013).

Here, Plaintiff's Complaint does not allege that an enforceable contract existed for the parties to later form a partnership or joint venture. The Complaint merely states that Defendants "suggested" the parties enter into a partnership or joint venture, and on this basis, Plaintiff shared its plan with Defendants. Pl.'s Complaint at 13. The Complaint goes on to state that the parties "represented themselves collectively as[] a team," and that Defendants publicly referred to

Flying Crown as an "advisor." Pl.'s Complaint at 13-14. These statements fall far short of constituting an allegation that the parties contracted to later form a partnership or joint venture. The failure to plead the existence of an enforceable contract is fatal to Plaintiff's fraudulent inducement claim.

### B. Tortious Interference

Under Texas law, the elements of a claim for tortious interference with a prospective business relationship are "(1) a reasonable probability that the plaintiff would have entered into a business relationship; (2) an independently tortious or unlawful act by the defendant that prevented the relationship from occurring; (3) the defendant did such act with a conscious desire to prevent the relationship from occurring or the defendant knew the interference was certain or substantially certain to occur as a result of the conduct; and (4) the plaintiff suffered actual harm or damages as a result of the defendant's interference." *Faucette v. Chantos*, 322 S.W.3d 901, 914 (Tex. App.—Houston [14th. Dist.] 2010); *Baty v. ProTech Ins. Agency*, 63 S.W.3d 841, 860 (Tex. App.—Houston [14th. Dist.] 2001).

Plaintiff has failed to allege facts on which the Court can conclude that there was a reasonable probability that Plaintiff would have entered into a business relationship, presumably with the City of Dallas, with which the Defendants allegedly interfered. Although Plaintiff alleges in a conclusory form that, "[t]here was a reasonable probability that [Plaintiff] would have entered into a relationship with a third person," Plaintiff pleads no facts to support the conclusion that there was a "reasonable probability" such a relationship would be consummated. Pl.'s Complaint at 19. In response to Defendants' Motion to Dismiss, Plaintiff argues that it "could have utilized its time, expertise, and resources in other joint ventures and/or partnerships with other third parties in business endeavors that may or may not have related to redevelopment

of property in the Love Field area of Dallas." Pl.'s Response to Def.'s Motion to Dismiss at 22. Such speculation cannot constitute a reasonable probability that Plaintiff would have entered into a business relationship, and thus cannot support a claim for tortious interference.

## IV.   CONCLUSION

Defendants' Motion to Dismiss for Failure to State a Claim is **GRANTED**. Plaintiff's claims for fraudulent inducement and tortious interference are **DISMISSED**, without prejudice. Although the Court is skeptical that the Plaintiff can reasonably plead facts that would support such claims, Plaintiff may attempt to do so by filing an Amended Complaint within thirty days of the date of this Order. Plaintiff shall file a clean and red-lined version, addressing no more than the issues addressed herein.

**SO ORDERED.**

August 11, 2015.

_[signature]_
**BARBARA M. G. LYNN**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF TEXAS**