UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

FLYING CROWN LAND GROUP,          §
                                  §
        Plaintiff,                §
                                  §   3:15-CV-1225-M
RANDALL REED and REED ENTERPRISES §
INVESTMENT HOLDINGS, L.P.,        §
                                  §
        Defendants.               §

MEMORANDUM OPINION & ORDER

Before the Court is the Defendants' Motion to Strike Amended Complaint. [Docket

Entry #38]. The Motion is **GRANTED**.

I.      BACKGROUND

On April 23, 2015, Plaintiff Flying Crown Land Group ("Flying Crown") filed its

Original Complaint against Randall Reed and Reed Enterprises Investment Holdings, L.P.

alleging copyright infringement, fraudulent inducement, and tortious interference [Docket Entry

#1]. On August 11, 2015, the Court granted Defendants' Motion to Dismiss the latter two claims

but granted Plaintiff leave to file an Amended Complaint addressing the issues decided in that

Order relating to the fraudulent inducement and tortious interference claims [Docket Entry #21].

Plaintiff filed an Amended Complaint repleading those claims [Docket Entry #23]. Defendants

now move the Court to strike the Amended Complaint, arguing that Plaintiff has still failed to

plead facts sufficient to support the fraudulent inducement and tortious interference claims.

The dispute arises out of the parties' efforts to develop land and buildings at Love Field

Airport. According to the Amended Complaint, Reed Enterprises Investment Holdings, L.P. was

awarded a lease to the site, and was authorized to tear down existing structures and redevelop it.

Before it did so, it allegedly learned that pursuant to an application by Flying Crown, the site had

1

been given a historic designation that would prohibit the proposed demolition and

redevelopment.  Flying Crown alleges that Reed Enterprises, knowing Flying Crown had created

a development plan consistent with the historic designation, approached Flying Crown to enter

into a partnership to develop the land.  Flying Crown claims that after it disclosed its proprietary

development plan to Reed Enterprises, Reed Enterprises ceased communications with Flying

Crown, and appropriated Flying Crown's redevelopment plan.

## II.    LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must have pled "a short and

plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

In analyzing a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court

accepts all well-pleaded facts as true and views them in the light most favorable to the plaintiff.

*Thompson v. City of Waco, Texas*, 764 F.3d 500, 502 (5th Cir. 2014); *In re Katrina Canal*

*Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).  The Court will not, however "accept as true

conclusory allegations, unwarranted factual inferences, or legal conclusions."  *Great Lakes*

*Dredge & Dock Co. LLC v. La. State,* 624 F.3d 201, 210 (5th Cir. 2010).

A "complaint must contain sufficient factual matter, accepted as true, to state a claim to

relief that is plausible on its face."  *Howe v. Yellowbook, USA*, 840 F. Supp. 2d 970, 975 (N.D.

Tex. 2011) (Lynn, J.) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is

plausible on its face "when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged."  *Lone Star Nat.*

*Bank, N.A. v. Heartland Payment Sys., Inc.*, 729 F.3d 421, 423 (5th Cir. 2013) (quoting *Highland*

*Capital Mgmt., L.P. v. Bank of Am., Nat'l Ass'n*, 698 F.3d 202, 205 (5th Cir. 2012)).  "Plausible"

does not mean "probable," but it asks for "more than a sheer possibility that a defendant has

acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

Fraud claims must also satisfy the heightened pleading standard set out in Federal Rule of Civil Procedure 9(b): "In alleging fraud . . . a party must state with particularity the circumstances constituting fraud." The Fifth Circuit strictly construes the Rule and requires the plaintiff "to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corp.,* 565 F.3d 200, 206–07 (5th Cir. 2009) (*quoting Williams v. WMX Techs. Inc.,* 112 F.3d 175, 177 (5th Cir. 1997)). Dismissal for failure to plead with particularity is treated the same as a Rule 12(b)(6) dismissal for failure to state a claim. *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996).

### III.    ANALYSIS

#### A. Fraudulent Inducement

In its Original Complaint, Flying Crown alleged that the Defendants fraudulently induced Flying Crown to disclose its development plan by representing that they would enter into a future partnership or joint venture with Flying Crown, but that Defendants had no intention of actually forming the partnership or joint venture. The Court dismissed the claim because Flying Crown failed to allege the existence of an enforceable contract to form a joint venture or partnership. Under Texas law, "there can be no breach of that duty when one is not induced into a contract. . . . Without a binding agreement, there is no detrimental reliance, and thus no fraudulent inducement claim. That is, when a party has not incurred a contractual obligation, it has not been induced to do anything." *Haase v. Glazner*, 62 S.W.3d 795, 798 (Tex. 2001).

Now, Flying Crown alleges that Defendants fraudulently induced Flying Crown to enter a partnership agreement with Defendants and that Flying Crown did so, claiming that the Defendants' interactions with Flying Crown "constituted a de facto agreement to partner." Resp. to Mot. to Strike [Docket Entry #45] at 5. The Amended Complaint alleges "the two parties expressed intent to form a partnership, held themselves out to be, and acted as a partnership in discussing the development of the Dalfort Legends facilities with third parties, including the City of Dallas" and the parties "operated as, and represented themselves collectively as, a partnership." Am. Compl. [Docket Entry #23] at ¶¶17, 19. Defendants allegedly "publicly referred to [Flying Crown] as its partner and its Dalfort/Legends Facilities site redevelopment 'advisor.'" Id. Flying Crown also claims the parties discussed and agreed to some terms of a written agreement, which Defendants ultimately did not sign. Id. at 20.

Flying Crown's allegations may be sufficient to allege the existence of a partnership under the Texas Business Organizations Code. However, the Court need not reach that question, because even if Flying Crown has pled sufficient facts to allege the existence of a partnership, Flying Crown still has not stated a claim for fraudulent inducement. If the parties entered into a partnership, the Amended Complaint does not reference any misrepresentations made by Defendants, let alone satisfy the requirement of Rule 9(b) to plead them with specificity. A fraudulent inducement claim requires "a material misrepresentation, which was false, and which was either known to be false when made or was asserted without knowledge of its truth." *Formosa Plastics Corp. USA v. Presidio Engineers & Contractors, Inc.*, 960 S.W.2d 41, 47 (Tex. 1998). "[M]ere failure to perform a contract is not evidence of fraud." *Id.*

Flying Crown claims Defendants made a false statement by "suggest[ing] that the two real estate developers enter into a partnership for the purpose of redeveloping the Historic

4

Dalfort/Legends Facilities real estate site."  Am. Compl. [Docket Entry #23] at ¶44; *see also*

Resp. to Mot. To Strike [Docket Entry #45] at 3 ("[C]ommunicating to Flying Crown, in any

form, action or manner, an intention to enter into a partnership when one has absolutely no intent

to affect a partnership is . . . a material misrepresentation.").  If, as Flying Crown now claims, the

parties *did* enter into a partnership, any statements by Defendants that the parties would enter

into a partnership were not false and thus cannot form the basis of a fraudulent inducement

claim.  Failure to plead a knowing material misrepresentation with particularity is fatal to Flying

Crown's fraudulent inducement claim.

### B.  Tortious Interference

Originally, Flying Crown alleged that but for Defendants' actions "[t]here was a

reasonable probability that [Flying Crown] would have entered into a relationship with a third

person," and Flying Crown "could have utilized its time, expertise, and resources in other joint

ventures and/or partnerships with other third parties in business endeavors that may or may not

have related to redevelopment of property in the Love Field area of Dallas."  Compl. [Docket

Entry #1] at ¶54; Resp. to Mot. to Dismiss [Docket Entry #19] at 22.  The Court found these

allegations speculative and unsupported by factual claims.  In the Amended Complaint, Flying

Crown claims that "if its resources were not being drained" by Defendants, there was a

reasonable possibility it "would have entered into a business relationship with the third parties

it[ ] was communicating with" and that it "had plans on entering [prospective business

relationships] with other developers and companies."  Am. Compl. [Docket Entry #23] at ¶¶53–

54.  Flying Crown also alleges that it "delayed projects with other developers to channel its

resources to the project it was working on with [Defendants]."  *Id.* at ¶47.

Under Texas law, the elements of a claim for tortious interference with a prospective

business relationship are "(1) a reasonable probability that the plaintiff would have entered into a business relationship; (2) an independently tortious or unlawful act by the defendant that prevented the relationship from occurring; (3) the defendant did such act with a conscious desire to prevent the relationship from occurring or the defendant knew the interference was certain or substantially certain to occur as a result of the conduct; and (4) the plaintiff suffered actual harm or damages as a result of the defendant's interference." *Faucette v. Chantos*, 322 S.W.3d 901, 914 (Tex. App.—Houston [14th. Dist.] 2010); *Baty v. ProTech Ins. Agency*, 63 S.W.3d 841, 860 (Tex. App.—Houston [14th. Dist.] 2001).

As in its Original Complaint, Flying Crown has pled no facts to support the conclusion that there was a "reasonable probability" that it would have entered into another business relationship if not for Defendants' actions. Although Flying Crown now says that it "was communicating with" and "had plans" with third parties, it provides no facts to support those conclusory allegations. Flying Crown's final allegation—that it "delayed projects with other developers"—also does not support the claim. To constitute tortious interference, a defendant's acts must have "prevented [a] relationship from occurring." *Id.* Flying Crown therefore has not stated a claim for tortious interference.

### C. Federal Rule of Civil Procedure 18

Flying Crown claims that Federal Rule of Civil Procedure 18 grants Flying Crown a right to proceed on its fraudulent inducement and tortious interference claims, regardless of the viability of those claims, because Flying Crown's claim for copyright infringement has not been dismissed. Rule 18 allows a party to join as many claims *as it has* against an opposing party in one action. It does not allow plaintiffs to proceed on claims that cannot survive scrutiny under Rule 12(b)(6) and Rule 9(b). Indeed, courts regularly dismiss claims that are not properly

pleaded without dismissing the entire action.

## IV.   CONCLUSION

Defendants' Motion to Strike is **GRANTED**.  Plaintiff's Amended Complaint is

**STRICKEN**.  The Court granted Plaintiff leave to file the Amended Complaint for the limited

purpose of pleading facts to support its fraudulent inducement and tortious interference claims.

The Amended Complaint does not contain new allegations regarding Count 1 of the Original

Complaint, a claim for copyright infringement.  Plaintiff may proceed on that count in its

Original Complaint.  Plaintiff's other claims are **DISMISSED** with prejudice.  Dismissal of

Plaintiff's fraudulent inducement and tortious interference claims with prejudice is appropriate

because Plaintiff has had multiple opportunities to plead its best case, and it is apparent that

Plaintiff is unable to plead these claims in a manner that will avoid dismissal.  *Schiller v.*

*Physicians Res. Grp., Inc.,* 342 F.3d 563, 567 (5th Cir. 2003) (dismissal with prejudice

appropriate where plaintiff was given a fair opportunity to present its case and failed to do so);

*Jacquez v. Procunier,* 801 F.2d 789, 792 (5th Cir. 1986) (same).

**SO ORDERED.**

December 18, 2015.

BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS